UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY MARANO COMPANY,** **Plaintiff,** v. **MS-GRAND BRIDGEVIEW, INC., d/b/a MELROSE FRESH MARKET, PETER LIMPERIS, and MAKIS LIMPERIS,** **Defendants.** | Case No. Judge: Magistrate Judge: |

FILED: JULY 25, 2008
08CV4244
JUDGE ZAGEL
MAGISTRATE JUDGE BROWN
AEE

## MOTION FOR TEMPORARY RESTRAINING ORDER

_____Upon the verified affidavit of Plaintiff's representative and the accompanying memorandum in support, Plaintiff moves the Court to issue a temporary restraining order enforcing the statutory trust established by Section 5 ( c) of the Perishable Agriculture Commodities Act, 7 U.S.C., § 499 e(c), by restraining the transfer of any and all assets of MS-GRAND BRIDGEVIEW, INC., an Illinois corporation, PETER LIMPERIS, and MAKIS LIMPERIS, except for any payment to Plaintiff, up to $959,227.68 to Plaintiff ANTHONY MARANO COMPANY pending either payment to Plaintiff by cashier's or certified check of $959,227.68 to Plaintiff ANTHONY MARANO COMPANY or a further hearing to be set within ten (10) days of the issuance of the temporary restraining order.

Respectfully Submitted,

__s/s Michael Stanley_____
Michael T. Stanley
ORDOWER & ORDOWER, P.C.
One N. LaSalle Street, No. 1300
Chicago, Illinois 60602
312-263-5122

C:\Documents and Settings\Michael Stanley\My Documents\M Stanley\Marano\MS-GRAND\AMCvMSGRANDBRIDGVWMotTRO.072408II.wpd

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY MARANO COMPANY,** <br><br> **Plaintiff,** <br><br> v. <br><br> **M-S GRAND BRIDGEVIEW, INC., d/b/a MELROSE FRESH MARKET, an Illinois corporation,  PETER LIMPERIS, and MAKIS LIMPERIS** <br><br> **Defendants.** | **FILED: JULY 25, 2008** <br> Case No.  08CV4244 <br><br> JUDGE ZAGEL <br> Judge: <br> MAGISTRATE JUDGE BROWN <br> Magistrate Judge:  AEE |

## TEMPORARY RESTRAINING ORDER

This matter came on for hearing on Plaintiff's Motion for Temporary Restraining Order to enforce the statutory trust provisions of the Perishable Agriculture Commodities Act, 7 U.S.C.§499e (c).

Upon review of the evidence, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1.  Plaintiff ANTHONY MARANO COMPANY is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.  Plaintiff is a licensed dealer under the Perishable Agriculture Commodities Act of 1930, as amended, , 7 U.S.C. §499a, et seq. (hereafter "PACA").

2.  Defendant M-S GRAND BRIDGEVIEW, INC. is an Illinois corporation subject to the PACA, and Defendants  PETER LIMPERIS, and MAKIS LIMPERIS are directors, officers, shareholders and/or principals of M-S GRAND BRIDGEVIEW,  INC., d/b/a MELROSE FRESH MARKET.

3. Plaintiff ANTHONY MARANO COMPANY sold and delivered to Defendants, in interstate commerce, various wholesale lots of produce collectively worth $959,227.68.

4. When Defendants received the produce, Plaintiff became beneficiary in a statutory trust, preserved in the aggregate amount of $959,227.68 consisting of all produce and produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds in the possession or control of Defendants.

5. Plaintiff preserved its interests in the PACA trust in the unpaid aggregate amount of $959,227.68 by delivering invoices to Defendants, which contained the language required under Section 5( c)(4) of the PACA, 7 U.S.C. §499e ( c )4.

6. Defendants were required to pay for the produce within ten (10) days of delivery and have not done so.

## CONCLUSIONS OF LAW

A. Plaintiff is a beneficiary of the trust required to be maintained by Defendants under 7 U.S.C. § 499e( c)in the aggregate amount of $959,227.68.

B. The trust provisions of the PACA establish a non-segregated statutory trust under which Defendants are required to hold all produce, the proceeds realized from the sale of produce or produce-derived items and receivables from the sale of produce in trust for Plaintiff until Plaintiff receives full payment of $959,227.68 to Plaintiff ANTHONY MARANO COMPANY, 7 U.S.C. §499e ( c )2.

C. Defendants have breached their fiduciary obligations under the trust provisions of the PACA.

D. It appears that Defendants are not maintaining sufficient assets in the statutory trust to pay Plaintiff and are dissipating PACA trust assets, and that unless the assets of Defendants are

frozen, the assets will continue to be dissipated. As a result, Plaintiff will suffer immediate and irreparable harm because they will lose the trust assets that are owed under the PACA.

Based on the foregoing, it is by the United States District Court for the Northern District of Illinois

ORDERED that Plaintiff's Motion for Temporary Restraining Order is granted; and it is further

ORDERED that Defendants, their customers, agents, officers, subsidiaries, assigns and banking institutions shall not alienate, dissipate, pay over or assign any assets of M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, or their subsidiaries, related companies, heirs, or assigns except as set forth herein; and it is further

ORDERED that within two (2) business days of the date of this Order, Defendants shall file with this Court, with a copy to Plaintiff's counsel, an accounting which identifies all of the Defendants' assets and liabilities, each account receivable of M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, signed under penalty of perjury; and that Defendants shall also supply to Plaintiff's counsel any and all documents in connection with the ownership, management, and assets and liabilities of M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns; and it is further

ORDERED that Defendants shall, within two (2) business days of service of this Order, pay any and all funds realized from the sale of produce or products derived from produce in its possession up to $959,227.68 to ORDOWER & ORDOWER, P.C., One North LaSalle Street,

Suite 1300, Chicago, Illinois 60602, attorneys for Plaintiff, for payment to Plaintiff; and it is further

ORDERED that any and all funds belonging to M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, in the possession of third parties, including all funds belonging to M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, on deposit at banking institutions, up to $959,227.68, shall be immediately paid to ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602, attorneys for Plaintiff, for payment to Plaintiff; and it is further

ORDERED that any and all funds owed to M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, for produce or produce related items, shall be paid directly to ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602, attorneys for Plaintiff, for payment to Plaintiff.

DATED:_____          _____
                                                U. S. District Court Judge


C:\Documents and Settings\Michael Stanley\My Documents\M Stanley\Marano\MS-GRAND\AMCvMSGRANDTRO.072508.wpd