UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY MARANO COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MS-GRAND BRIDGEVIEW, INC., d/b/a MELROSE FRESH MARKET, PETER LIMPERIS, and MAKIS LIMPERIS,**<br><br>**Defendants.** | Case No.<br><br>Judge:<br><br>Magistrate Judge: | FILED: JULY 25, 2008<br>08CV4244<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE BROWN<br>AEE |

### AFFIDAVIT OF ANTON MARANO IN SUPPORT OF MOTION BY PLAINTIFF ANTHONY MARANO COMPANY FOR TEMPORARY RESTRAINING ORDER AND PACA TRUST CLAIM

I, ANTON MARANO, declare and state as follows:

1. I am the President of Plaintiff, THE ANTHONY MARANO COMPANY (hereinafter "AMC") , and, in such position I am authorized to make and furnish this Affidavit and am competent to testify at trial to the matters set forth in this Affidavit.

2. The Plaintiff seeks the entry of a temporary restraining order and permanent injunction against MS-GRAND BRIDGEVIEW, INC., an Illinois corporation, PETER LIMPERIS, and MAKIS LIMPERIS, for the purpose of preserving its interest in the statutory trust created under the Perishable Agricultural Commodities Act, 1930, 7.U.S.C. Sections 499a-499t, as amended ("PACA"). All of the PACA trust assets are in the custody and control of the Defendants.

3. I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

4. AMC is a business located in Chicago, Illinois, which sells wholesale quantities of perishable agricultural commodities (hereafter "Produce").  AMC is a Produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.§499 *et. seq.* (hereafter "PACA").

5. a. MS-GRAND BRIDGEVIEW, INC., an Illinois corporation, was a Produce dealer as defined by 7 U.S.C.§499a and operated subject to the PACA.

b. Upon information and belief, PETER LIMPERIS, and MAKIS LIMPERIS were the directors, officers, shareholders and/or principals of MS-GRAND BRIDGEVIEW, INC., and were responsible for the day to day operations of the corporation during the time in question.

6. The sales and accounts receivable records of AMC, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record.  These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

7. My responsibilities include monitoring the sale of perishable agricultural commodities, including those sales that are the subject of this dispute.  My responsibilities also include supervising collection of the accounts receivable for such sales, including Defendants' account which is the subject of the present motion.  I have custody and control of the sales and accounts receivable records of AMC as they relate to Defendants and I am thoroughly familiar with the manner in which those records are compiled.

8. Between April 16, 2008 and July 23, 2008, AMC sold and delivered to Defendants, in interstate commerce, various wholesale lots of produce worth $959,227.68  (a copy of a detailed

statement listing the outstanding invoices is attached to the Complaint as Exhibit 1).

    9.  Defendants accepted the produce received from AMC.

    10.  AMC preserved its interest in the PACA trust in the amount of $959,227.68 by timely delivering invoices to Defendants, which contained the language required under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).

    11.  Defendants are obligated to hold in trust all produce-related assets received from the sale of produce in order to pay $959,227.68 to AMC.

    12.   Unless the assets of the defendant corporation are frozen, it is likely the trust assets will continue to be dissipated.  As a result, AMC will suffer immediate and irreparable harm because it will lose the trust assets and rights that are owed under the statute.

    13.  Plaintiff operated its business under a valid PACA license issued by the United States Department of Agriculture, Agricultural Marketing Service, PACA Branch, Fruit & Vegetable Division.

    14.  Plaintiff sold to Defendants perishable agricultural commodities ("Produce"), as described in the Statement, true copies of which are attached to the Complaint as Exhibit 1, for the sum of $959,227.68 which remains unpaid.

    15.  The Produce sold to Defendants consisted of fresh fruits or vegetables, each of which are the type of Produce commonly shipped in interstate commerce and, accordingly, subject to the provisions of the PACA.

    16. Defendants have not disputed by any written information that Plaintiff is owed the sum of $959,227.68 and has failed to pay Plaintiff, despite repeated demands for payment.

    17. Defendants are obligated to hold all assets received from the sale of Produce in trust

order to pay Plaintiff.

18. Defendants have failed to pay Plaintiff's invoices, and it appears that, based upon Defendants' actions at this time, that it clearly does not have sufficient funds to satisfy Plaintiff's PACA trust claim in full as required by the PACA.

19. That based upon Defendants' failure to pay Plaintiff, it is feared that the trust has been dissipated and will continue to be dissipated and in further jeopardy, and that Plaintiff will suffer irreparable harm if the assets of the Defendants are not frozen immediately.

I do solemnly declare under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

_____
ANTON MARANO

Sworn to before me this 25th day of July, 2008

_____

Ordower & Ordower, P.C.
One North LaSalle Street
Suite 1300
Chicago, Illinois 60602

"OFFICIAL SEAL"
Rocchina L. Falotico
Notary Public, State of Illinois
My Commission Exp. 03/30/2009

C:\Documents and Settings\Michael Stanley\My Documents\M Stanley\Marano\MS-GRAND\AMCvMSGRANDBRIDGEVIEWAffidavitAnton.07240811.wpd

4