UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY<br><br>  Plaintiff<br><br>  v.<br><br>MS-GRAND BRIDGEVIEW, INC.,<br>an Illinois corporation, d/b/a<br>MELROSE FRESH MARKET,<br>PETER LIMPERIS, and MAKIS LIMPERIS<br><br>  Defendants<br><br>JACK TUCHTEN WHOLESALE PRODUCE, INC.<br><br>  v.<br><br>MS-GRAND BRIDGEVIEW, INC.,<br>an Illinois corporation, d/b/a<br>MELROSE FRESH MARKET,<br>PETER LIMPERIS, and MAKIS LIMPERIS<br><br>  Defendants. | Case No. <u>08CV4244</u><br>Judge Zagel<br>Magistrate Judge Brown |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO INTERVENE AS PLAINTIFF**

Jack Tuchten Wholesale Produce, Inc. (hereafter referred to as "movant"), through undersigned counsel, files this memorandum in support of its motion for leave to intervene as an intervening plaintiff.

**INTRODUCTION**

In this case, plaintiff is a supplier of wholesale quantities of fresh fruits and vegetables, perishable agricultural commodities, and seeks to enforce the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), against the

defendants. Movant is also a supplier of wholesale quantities of fresh fruits and vegetables and is also a beneficiary under the trust provisions of the PACA in the amount of $28,414.50.

## DISCUSSION

    I.    Movant Is Entitled To Intervene Pursuant to Fed. R. Civ. P. 24(a)(2) As A Matter Of Right.

Rule 24(a) of the Federal Rules of Civil Procedure provides:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In this case, Movant is a trust creditor of defendants under PACA in the sum of $28,414.50. Movant clearly has an interest relating to the property which is the subject of the action because it is asserting an interest in the funds constituting the *res* of the PACA trust. Movant is a qualified trust beneficiary because it preserved its interest in the PACA trust in the amount of $28,414.50 by sending invoices to defendants which contained the language required by 7 U.S.C. §499e(c)(4). As a qualified trust beneficiary, movant has the right to participate in the distribution of the *res* and to assert its claims against the defendants for their roles in dissipation of trust assets.

In addition, disposition of this action without movant's intervention may impair or impede its ability to protect its respective interests. Movant's inability to intervene at this time may hinder its ability to collect its proper share of the trust *res*. Specifically, where the trust *res* may be insufficient to satisfy the claims of <u>all</u> qualified beneficiaries, PACA trust

beneficiaries are entitled to a pro-rata share in the distribution of the trust fund.  See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); In re Milton Poulos, Inc., 107 B.R. 715 (9th Cir. BAP 1989); J. R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Matter of United Fruit & Produce Co., Inc., 86 B.R. 14 (Bkrtcy. D. Conn. 1988).  Assuming, and there is a significant possibility that this is the case, that the trust *res* will not satisfy all the PACA creditors, the existing plaintiffs and intervening plaintiff will receive a greater pro-rata distribution should no other PACA creditors enter this action.  Therefore, movant's interests are not being adequately represented at this time and will continue to be inadequately represented, and thereby prejudiced, if it is not permitted to intervene.

Based on the foregoing, movant has met all the requirements of Rule 24(a)(2), and its motion for leave to intervene as of right pursuant to Rule 24(a) should be granted.

## II.   Alternatively, Movant Should be Permitted to Intervene Pursuant to Fed. R. Civ. P. 24(b).

Rule 24(b)(1) of the Federal Rules of Civil Procedure provides:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Alternatively, movant requests permission to intervene pursuant to Rule 24(b)(1)(B), because its claims and the claims in the main action have questions of law and fact in common. Fed. R. Civ. P. 2424(b)(1)(B).  The common question of law as to the claim of all PACA creditors involves entitlement to payment as qualified trust beneficiaries from a single trust *res* and the liability of the defendants for dissipation of PACA trust assets.  There will also be common questions of fact that can be determined in a single proceeding.  For instance, the existing plaintiff and movant have an interest in the

determination of the identity of parties who may be liable for any unlawful receipt or breaches of the trust. Thus, the desire for judicial economy is furthered by intervention.

Under existing law, the PACA trust *res* exists for the benefit of <u>all</u> unpaid produce sellers. <u>In re Kornblum & Co., Inc.</u>, 81 F.3d 280 (2nd Cir. 1996); <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, <u>supra</u>. Accordingly, the disposition of the present action will necessarily impede the movant's ability to protect its interest in the PACA trust *res* if it is not allowed to intervene. Accordingly, movant should be allowed to intervene, pursuant to Rule 24(a)(2).

## CONCLUSION

Based upon the foregoing, movant meets all the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a)(2). Alternatively, movant should be permitted to intervene under the provisions of Fed. R. Civ. P. 24(b), because there exists common questions of law and fact and no undue delay or prejudice to the original parties would result by virtue of such intervention.

Dated: August 13th, 2008.

| McCARRON & DIESS | LAW OFFICES OF WILLIAM B. KOHN |
|---|---|
| By:s/ Mary Jean Fassett<br>Mary Jean Fassett, #9078552<br>4900 Massachusetts Ave., N.W.<br>Suite 310<br>Washington, DC 20016<br>(202) 364-0400<br>(202) 364-2731-fax<br>mjf@mccarronlaw.com | By:s/ William B. Kohn<br>William B. Kohn, #6196142<br>150 N. Wacker Drive<br>Suite 1400<br>Chicago, Illinois 60606<br>(312) 553-1200<br>(312) 553-1733-fax<br>kohn@wbkohnlaw.com<br><br>Attorneys for Intervening Plaintiff |