UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MARANO COMPANY | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. 08CV4244 |
| | : | Judge Zagel |
| MS-GRAND BRIDGEVIEW, INC., | : | Magistrate Judge Brown |
| an Illinois corporation, d/b/a | : | |
| MELROSE FRESH MARKET, | : | |
| PETER LIMPERIS, and MAKIS LIMPERIS | : | |
| | : | |
| Defendants | : | |
| _____ | : | |
| | : | |
| JACK TUCHTEN WHOLESALE PRODUCE, INC. | : | |
| | : | |
| Intervening Plaintiff | : | |
| v. | : | |
| | : | |
| MS-GRAND BRIDGEVIEW, INC., | : | |
| an Illinois corporation, d/b/a | : | |
| MELROSE FRESH MARKET, | : | |
| PETER LIMPERIS, and MAKIS LIMPERIS | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MOTION FOR PRELIMINARY INJUNCTION ORDER

Upon the verified affidavit of Dawn E. Arkin, the president of Intervening

Plaintiff, Jack Tuchten Wholesale Produce, Inc., its salesman, Zarko Ivetic, and the

affidavits of Stephen Serck, the president of JAB Produce, Inc., and Mary Rojas,

Credit Manager of Auster Acquisitions, LLC a/t/a The Auster Company, Inc.,

similarly situated creditors of defendants, and the accompanying memorandum in

support, Jack Tuchten Wholesale Produce, Inc. moves the Court to issue a

preliminary injunction order under Rule 65(b) of the Federal Rules of Civil

Procedure enforcing the statutory trust pursuant Section 5(c) of the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. §499e(c), by restraining the transfer of any and all assets of MS-Grand Bridgeview, Inc. d/b/a Melrose Fresh Market, and its subsidiaries and related companies, including but not limited to Melrose Fresh Market, Inc., except as ordered by this Court, until there is full payment in the amount of $226,608.10 to William B. Kohn, Esq., counsel for Intervening Plaintiff, to hold in trust for Intervening Plaintiff and all similarly situated creditors, pending the final outcome of this action.

Dated this 4th day of September, 2008.

     McCARRON & DIESS      LAW OFFICES OF WILLIAM B. KOHN

By:s/ Mary Jean Fassett        By: s/ William B. Kohn
  Mary Jean Fassett, ID#9078552    William B. Kohn, ARDC #6196142
  4900 Massachusetts Ave., N.W.    150 N. Wacker Drive
  Suite 310          Suite 1400
  Washington, DC 20016      Chicago, Illinois 60606
  (202) 364-0400        (312) 553-1200
  mjf@mccarronlaw.com      kohn@wbkohnlaw.com

                    Attorneys for Intervening Plaintiff
                    Jack Tuchten Wholesale Produce, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Preliminary Injunction Order, proposed Preliminary Injunction, Affidavits in Support, and Memorandum in Support, were served on all counsel of record via the Court's CM/ECF system, and via overnight delivery, this 4th day of September, 2008, on the following:

MS-Grand Bridgeview, Inc. d/b/a Melrose Fresh Market
Serve: Alfred S. Lee, Registered Agent
380 S. Schmale Road, Ste. 102
Carol Stream, IL 60188

Peter Limperis
10280 S. Harlem Avenue
Bridgeview, IL 60455

Makis Limperis
10280 S. Harlem Avenue
Bridgeview, IL 60455

s/ Mary Jean Fassett
Mary Jean Fassett

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MARANO COMPANY | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. <u>08CV4244</u> |
| | : | Judge Zagel |
| MS-GRAND BRIDGEVIEW, INC., | : | Magistrate Judge Brown |
| an Illinois corporation, d/b/a | : | |
| MELROSE FRESH MARKET, | : | |
| PETER LIMPERIS, and MAKIS LIMPERIS | : | |
| | : | |
| Defendants | : | |
| _____ | : | |
| | : | |
| JACK TUCHTEN WHOLESALE PRODUCE, INC. | : | |
| | : | |
| Intervening Plaintiff | : | |
| v. | : | |
| | : | |
| MS-GRAND BRIDGEVIEW, INC., | : | |
| an Illinois corporation, d/b/a | : | |
| MELROSE FRESH MARKET, | : | |
| PETER LIMPERIS, and MAKIS LIMPERIS | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER GRANTING INTERVENING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION ORDER**

Intervening Plaintiff, Jack Tuchten Wholesale Produce, Inc. has filed a

Complaint in Intervention in this civil action alleging violations of the Perishable

Agricultural Commodities Act ("PACA") and other causes of action against

defendants MS-Grand Bridgeview, Inc. d/b/a Melrose Fresh Market ("Melrose"),

Peter Limperis, and Makis Limperis. The Complaint in Intervention seeks an

order enforcing payment from the produce trust established under the Perishable

Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and damages in the aggregate amount of $28,414.50, plus prejudgment interest and attorneys fees.

The court has subject matter jurisdiction over this action.  7 U.S.C. § 499e(c)(5).

On August 14, 2008, upon motion of the Plaintiff, Anthony Marano Company, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court issued a Temporary Restraining Order enjoining Defendants Melrose, Peter Limperis, and Makis Limperis from alienating or dissipating any assets of Defendants or their subsidiaries or related companies.  It is unknown whether Plaintiff ever served the Temporary Restraining Order on Defendants.  The bank accounts of Melrose maintained at Standard Bank and Trust Co. were closed by Defendants on August 19, 2008 and August 20, 2008, prior to the bank being served with the Temporary Restraining Order.  Plaintiff has not moved for entry of a Preliminary Injunction Order.

Pending before the court is the Motion for Preliminary Injunction filed by Intervening Plaintiff, Jack Tuchten Wholesale Produce, Inc. ("Tuchten").

The standard for granting a preliminary injunction in the Seventh Circuit requires a showing of (1) reasonable likelihood of success on the merits; (2) irreparable harm; (3) injury to plaintiff outweighs threatened harm to defendants; and (4) granting the preliminary injunction serves the public interest.  Faheem-El v. Klincar, 841 F.2d 712 (7th Cir. 1988); Lawson Products, Inc. v. Avnet, Inc., 782 F.2d 1429 (7th Cir. 1986); Martin v. Helstad, 699 F.2d 387, 389 (7th Cir. 1983). The

instant claim for relief meets each of these tests, and accordingly, should be granted in all respects.

Having considered the motion, the memorandum of law in support, and the affidavits of Dawn E. Arkin, Zarko Ivetic, Stephen Serck, and Mary Rojas offered in support of the motion, the Court finds that Jack Tuchten Wholesale Produce, Inc. has established a strong likelihood of success on the merits of the PACA claims against defendants and that imminent irreparable injury is likely to result if injunctive relief against defendants is not ordered pending further court proceedings.

Tuchten offers evidence from the afore-mentioned affidavits of Arkin and Ivetic that it is a produce creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c), and has not been paid for sums due and owing in connection with produce transactions from Defendants in the principal amount of $28,414.50, as required by PACA. The affidavits also provide evidence that Defendants are in severe financial jeopardy in that they have failed to pay similarly situated creditors JAB Produce, Inc. in the amount of $72,709.60 and Auster Acquisitions, LLC a/t/a The Auster Company, Inc. in the amount of $125,484.00, have tendered at least one check returned for insufficient funds, and have closed their bank accounts without paying Tuchten or similarly situated creditors.

A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers. 7 U.S.C. § 499e(c)(2). Congress has recognized that if a PACA trust is "dissipated, it is almost impossible for a beneficiary to obtain recovery" from the trust. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990) (citing legislative

history); <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000).

Finally, the threatened injury to Tuchten and similarly situated creditors outweighs whatever damages the proposed injunction may cause defendants, and the issuance of the injunction is not contrary to the public interest.  7 U.S.C. § 499e(c)(1).

## PRELIMINARY INJUNCTION ORDER

**IT IS ORDERED** that Tuchten's Motion for Preliminary Injunction is granted.

**IT IS FURTHER ORDERED** that Defendants, their customers, agents, escrow agents, officers, subsidiaries, assigns, and banking institutions shall not alienate, dissipate, pay over or assign any assets of M-S Grand Bridgeview, Inc., or its subsidiaries, related companies, or assigns, including but not limited to Melrose Fresh Market, Inc., except as set forth herein.

**IT IS FURTHER ORDERED** that Defendants and/or any banking institutions shall, within two (2) business days of service of this Order, pay any and all funds realized from the sale of produce or products derived from produce in their possession to William B. Kohn, Esq., 150 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, attorneys for Intervening Plaintiff, for the benefit of Intervening Plaintiff and all similarly situated creditors.

**IT IS FURTHER ORDERED** that any and all funds belonging to M-S Grand Bridgeview, Inc., in the possession of third parties, including all funds belonging to M-S Grand Bridgeview, Inc. on deposit at banking institutions, up to the

amount of $226,608.10, shall be immediately paid to William B. Kohn, Esq., 150 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, attorneys for Intervening Plaintiff, to be held in trust, until further order of the Court.

**IT IS FURTHER ORDERED** that any and all sales proceeds from assets of Defendants, in the possession of third parties, up to the amount of $226,608.10, shall be immediately paid to William B. Kohn, Esq., 150 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, attorneys for Intervening Plaintiff, to be held in trust, until further order of the Court. shall be immediately paid to William B. Kohn, Esq., 150 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, attorneys for Intervening Plaintiff, to be held in trust, until further order of the Court.

**IT IS FURTHER ORDERED** that Defendants shall file with this Court, with a copy to all counsel of record, an accounting which identifies all of the assets and liabilities of M-S Grand Bridgeview, Inc., including each account receivable, signed under penalty of perjury; and that Defendants shall also supply to Intervening Plaintiff's counsel within ten (10) days of the date of this Order, any and all documents in connection with their assets and liabilities, and the assets and liabilities of their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, bank statements with cancelled checks for the last 90 days, and most recent income tax returns.

**IT IS FURTHER ORDERED** that no security bond shall be posted by Tuchten because Defendants now hold $226,608.10 worth of PACA assets and this Order merely requires said Defendants to obey the requirements of PACA.

Tuchten shall forthwith serve Defendants with a copy of this Order.

DATED: _____

_____
United States District Judge