UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No. 08CV4244 |
| : | Judge Zagel |
| MS-GRAND BRIDGEVIEW, INC., : | Magistrate Judge Brown |
| an Illinois corporation, d/b/a : | |
| MELROSE FRESH MARKET, : | |
| PETER LIMPERIS, and MAKIS LIMPERIS : | |
| : | |
| Defendants : | |
| _____ : | |
| : | |
| JACK TUCHTEN WHOLESALE PRODUCE, INC. : | |
| : | |
| Intervening Plaintiff : | |
| v. : | |
| : | |
| MS-GRAND BRIDGEVIEW, INC., : | |
| an Illinois corporation, d/b/a : | |
| MELROSE FRESH MARKET, : | |
| PETER LIMPERIS, and MAKIS LIMPERIS : | |
| : | |
| Defendants. : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION ORDER**

Intervening Plaintiff, Jack Tuchten Wholesale Produce, Inc. ("Tuchten"), submits this memorandum in support of its Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 65. Submitted herewith in support of intervening plaintiff's application are the affidavits of Dawn E. Arkin and Zarko Ivetic, intervening plaintiff's representatives, and the affidavits of Stephen Serck, president of JAB Produce, Inc., and Mary Rojas, Credit Manager of The Auster Company, Inc., ssimilarly situated trust creditors of Defendants herein.

**INTRODUCTION**

Tuchten is engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

Defendant MS-Grand Bridgeview, Inc. d/b/a Melrose Fresh Market ("Melrose"), is a corporation located in Bridgeview, Illinois. Defendant Melrose purchased wholesale quantities of produce, and is and was at all times pertinent herein, a dealer of produce subject to license under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq., ("PACA"). Upon information and belief, Defendants, Peter Limperis and Makis Limperis are the officers and directors of the corporate Defendant who directed the day-to-day operations of the corporate Defendant during the period of time in question.

Tuchten seeks enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations"). The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5)(i).

**THE PACA TRUST**

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a <u>statutory trust</u> on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or

proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000); <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154 (11th Cir. 1990).  A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers. 7 U.S.C. § 499e(c)(2). The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made. <u>Id.</u>  The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2), is forbidden. 7 CFR §46.46(e)(i).

## BACKGROUND OF THIS ACTION AND THE INSTANT APPLICATION

This action was commenced by Plaintiff, Anthony Marano Company, on July 25, 2008, to enforce payment from the PACA trust against Defendants in the alleged amount of $959,227.68.[1] Docket Entry 1. Plaintiff also moved for entry of a

---

[1] No invoices have been submitted by Plaintiff to date substantiating its claim, making it

3

Temporary Restraining Order to prevent dissipation of trust assets on July 25, 2008. Docket Entry 4. On August 13, 2008, Tuchten filed a Motion to Intervene to enforce its trust rights against defendants. Docket Entry 14. On August 14, 2007, the Court entered a Temporary Restraining Order against Defendants and granted the Consent Motion to Intervene. Docket Entries 19 and 20. Plaintiff did not move for entry of a preliminary injunction. The Temporary Restraining Order subsequently was served on Defendants' banking institution, Standard Bank and Trust Co., on August 21, 2008 by Plaintiff's counsel, but Defendants had closed their accounts on August 19, 2008 and August 20, 2008. See Letter dated August 26, 2008 from Standard Bank and Trust Co. attached hereto as Exhibit A. It is unknown whether or not Plaintiff served Defendants with the Temporary Restraining Order. Defendants have continued to operate Melrose[2] and have not filed the accounting required in the Temporary Restraining Order. As discussed below, Defendants have failed to pay Tuchten or similarly situated creditors, and continue to dissipate trust assets.

Tuchten is a wholesaler of produce located in Chicago, Illinois, which sold wholesale quantities of produce to defendants in the unpaid amount of $28,414.50 of which $28,414.50 qualifies for trust protection.

Tuchten is a beneficiary of the statutory trust which Defendants are required to maintain until full payment is made to intervening plaintiff for the produce.

Defendants are past due in paying Tuchten for the produce. Defendants

---

impossible to determine whether the claimed balance due and owing is entirely for produce and/or subject to the PACA trust.
[2] Defendant Peter Limperis is also the owner and officer of a related entity, Melrose Fresh Market, Inc. See Exhibit B attached hereto.

4

have acknowledged they owe the debt to intervening plaintiff but refuse to pay for the same. Defendants have also advised Tuchten that they are experiencing severe cash flow problems, and are unable to pay Tuchten for the produce it supplied. See Affidavits of Dawn E. Arkin and Zarko Ivetic. In addition, Defendants owe another produce supplier, JAB Produce, Inc. ("JAB"), for produce supplied in the amount of $72,709.60, and have tendered a check to JAB returned for insufficient funds. See Affidavit of Stephen Serck. Defendants also owe yet another produce supplier, Auster Acquisitions, LLC t/a The Auster Company, Inc., for produce supplied in the amount of $125,484.00. See Affidavit of Mary Rojas. Defendants' failure and refusal to pay Tuchten, its failure to pay similarly situated creditors[3], and the passing of a check returned for insufficient funds, show that Defendants are failing to maintain the trust required by statute, and the trust assets will continue to be dissipated unless the relief requested is granted.

## THE STANDARD FOR GRANTING RELIEF

The court must consider four factors in deciding whether a preliminary injunction should be granted: (1) whether the plaintiff has a reasonable likelihood of success on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irrepably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on defendant; and (4) whether the granting of the preliminary injunction will disserve the public interest. Faheem-El v. Klincar, 841 F.2d 712 (7th Cir. 1988); Lawson Products, Inc. v. Avnet, Inc., 782 F.2d 1429 (7th Cir. 1986); Martin v.

---

[3] JAB and Auster will seek to intervene in this action forthwith and/or, in the alternative, seek entry of a PACA Claims Procedure Order to provide a framework for notifying defendants' produce suppliers of this action and to determine the validity and amounts of PACA trust claims.

Helstad, 699 F.2d 387, 389 (7th Cir. 1983).

### 1. Tuchten Is A Trust Beneficiary Entitled To Enforce The PACA Trust -- The Likelihood That Tuchten Will Prevail On The Merits Is Great

Tuchten's entitlement to the relief requested so as to enable it to enforce the trust provisions of PACA and the PACA regulations to secure its trust claim for $28,414.50 is clear. First, Tuchten is a supplier or seller of wholesale quantities of produce. Second, Tuchten sold to Defendants, in interstate commerce, wholesale quantities of produce valued at $28,414.50, which is past due and unpaid. Third, Tuchten properly preserved its status as a trust creditor of Defendants under PACA by issuing and serving trust notices on the Defendant corporation as required by 7 U.S.C. §499e(c)(3). Fourth, Defendants are dissipating trust assets in that they have failed to pay Tuchten for the produce it supplied despite repeated demands for payment, closed their bank accounts without making payment to Tuchten, failed to pay similarly situated produce suppliers, have issued checks returned for insufficient funds, and they have advised Tuchten that they cannot pay Tuchten.

### 2. Tuchten Would Be Irreparably Injured Were Defendants Not Ordered To Immediately Comply With The PACA Trust Act.

In the absence of preliminary relief, there will be no assets in the statutory trust. Loss of such assets would be irreparable because Tuchten will not be able to recover the trust assets once they are dissipated, and Tuchten would be forever excluded as a beneficiary of the statutory trust. H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140; J. R. Brooks & Son,

Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

       3.    Possible Harm To Defendants Is Slight Or Nonexistent.

By enjoining Defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. Requiring fulfillment of such a duty cannot be harmful as a matter of law. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140.

       4.    The Public Interest Favors Granting An Injunction.

The trust provision specifically declares that the Congressional intent behind its passage is to protect the public interest and to remedy the burden on commerce cause by receivers who do not pay for produce. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140. 7 U.S.C. §499e(c)(1). Therefore, the public interest favors granting an injunction.

       5.    Caselaw Supports Tuchten's Entitlement To An Injunction.

Caselaw supports Tuchten's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140 (irreparable injury established and injunction should issue upon a showing that the trust was depleted and payment was not readily forthcoming); Frio Ice, S.A. v. Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales,

7

identify its receivables, and inventory its assets."); <u>Dole Fresh Fruit Co. v. United Banana Co.</u>, 821 F.2d 106 (2d Cir. 1987); <u>In re Richmond Produce Co., Inc.</u>, 112 B.R. 364, 367 (Bkrtcy. N.D.Cal. 1990).

## CONCLUSION

The instant application by which Intervening Plaintiff Tuchten seeks an order directing Defendants to comply with PACA and enjoining them from taking any action inconsistent with the duty of trust maintenance imposed upon Defendants by PACA, is designed to afford Tuchten that which is necessary, in the way of preliminary judicial relief, if Tuchten is to be able to avail itself of its statutory trust rights.

For the foregoing reasons, Tuchten respectfully submits that its Motion for Preliminary Injunction Order should be granted.

Dated this 4th day of September, 2008.

| McCARRON & DIESS | LAW OFFICES OF WILLIAM B. KOHN |
|---|---|
| By:s/ Mary Jean Fassett<br>Mary Jean Fassett, ID#9078552<br>4900 Massachusetts Ave., N.W.<br>Suite 310<br>Washington, DC 20016<br>(202) 364-0400<br>mjf@mccarronlaw.com | By: s/ William B. Kohn<br>William B. Kohn, ARDC #6196142<br>150 N. Wacker Drive<br>Suite 1400<br>Chicago, Illinois 60606<br>(312) 553-1200<br>kohn@wbkohnlaw.com |
| | Attorneys for Intervening Plaintiff<br>Jack Tuchten Wholesale Produce, Inc. |

**EXHIBIT "A"**



## STANDARD BANK AND TRUST CO.

*A STANDARD BANCSHARES, INC. BANK*

August 26, 2008

Ordower & Ordower, P C
1 North LaSalle St, Suite 1300
Chicago, Il 60602

Re: M-S Grand Bridgeview, Inc d/b/a Melrose Fresh Market

Dear Mr. Stanley:

     I am responding regarding your Restraining Order that was faxed to us on August 21, 2008 pertaining to any accounts that we have for M-S Grand Bridgeview, Inc d/b/a Melrose Fresh Market. The accounts in question were closed on August 19, 2008 and on August 20, 2008. We could not enforce the order since the accounts were already closed. If you need any further assistance please feel free to call me at: 708-876-8991.

Sincerely

Clara Barbetta
Assistant Vice President

Cc: Mary Jean Fassett

**RECEIVED**

SEP 1-2 2008

McCARRON & DIESS

*Bolingbrook, Coal City, Evergreen Park, Frankfort, Gardner, Hickory Hills, Joliet, Morris (3), Naperville, New Lenox,*
*Oak Lawn, Orland Park (2), Palos Park, Shorewood, South Wilmington, Villa Park, Wilmington*

Member FDIC     866-499-BANK (2265)     www.StandardBanks.com     

RECEIVED
AUG 21 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY, Plaintiff, | |
| v. | Case No. 08-C-4244 |
| M-S GRAND BRIDGEVIEW, INC., d/b/a MELROSE FRESH MARKET, an Illinois corporation, PETER LIMPERIS, and MAKIS LIMPERIS Defendants. | Judge: Zagel<br><br>Magistrate Judge: Brown |
| JACK TUCHTEN WHOLESALE PRODUCE, INC., Intervening Plaintiff, | |
| v. | |
| M-S GRAND BRIDGEVIEW, INC., d/b/a MELROSE FRESH MARKET, an Illinois corporation, PETER LIMPERIS, and MAKIS LIMPERIS Defendants. | |

## TEMPORARY RESTRAINING ORDER

This matter came on for hearing on Plaintiff's Motion for Temporary Restraining Order to enforce the statutory trust provisions of the Perishable Agriculture Commodities Act, 7 U.S.C.§499e (c).

Upon review of the evidence, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Plaintiff ANTHONY MARANO COMPANY is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. Plaintiff is a licensed dealer under the Perishable Agriculture Commodities Act of

or produce-derived items and receivables from the sale of produce in trust for Plaintiffs until Plaintiffs receives full payment of $959,227.68 to Plaintiff ANTHONY MARANO COMPANY, and $28,414.50 to Plaintiff Jack Tuchten Wholesale Produce, Inc., 7 U.S.C. §499e (c)2.

C. Defendants have breached their fiduciary obligations under the trust provisions of the PACA.

D. It appears that Defendants are not maintaining sufficient assets in the statutory trust to pay Plaintiffs and are dissipating PACA trust assets, and that unless the assets of Defendants are frozen, the assets will continue to be dissipated. As a result, Plaintiffs will suffer immediate and irreparable harm because they will lose the trust assets that are owed under the PACA.

Based on the foregoing, it is by the United States District Court for the Northern District of Illinois

ORDERED that Plaintiff's Motion for Temporary Restraining Order is granted; and it is further

ORDERED that Defendants, their customers, agents, officers, subsidiaries, assigns and banking institutions shall not alienate, dissipate, pay over or assign any assets of M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, or their subsidiaries, related companies, heirs, or assigns except as set forth herein; and it is further

ORDERED that within two (2) business days of the date of this Order, Defendants shall file with this Court, with a copy to Plaintiffs' counsel, an accounting which identifies all of the Defendants' assets and liabilities, each account receivable of M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, signed under penalty of perjury; and that Defendants shall also supply to Plaintiffs' counsel any and all documents in connection with the ownership, management, and assets and liabilities of M-S GRAND BRIDGEVIEW, INC.,

08/21/2008 16:29 FAX 312 263 0023    ORDOWER & ORDOWER, PC                    ☒005
Case 1:08-cv-04244    Document 24-2    Filed 09/04/2008    Page 5 of 5

Case 1:08-cv-04244    Document 19    Filed 08/14/2008    Page 4 of 4

PETER LIMPERIS, and MAKIS LIMPERIS, and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns; and it is further

ORDERED that Defendants shall, within two (2) business days of service of this Order, pay any and all funds realized from the sale of produce or products derived from produce in its possession up to $987,642.18 to ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602, attorneys for Plaintiff, to hold in trust until further order of court; and it is further

ORDERED that any and all funds belonging to M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, in the possession of third parties, including all funds belonging to M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, on deposit at banking institutions, up to $987,642.18, shall be immediately paid to ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602, attorneys for Plaintiff, to hold in trust until further order of court; and it is further

ORDERED that any and all funds owed to M-S GRAND BRIDGEVIEW, INC., PETER LIMPERIS, and MAKIS LIMPERIS, for produce or produce related items, shall be paid directly to ORDOWER & ORDOWER, P.C., One North LaSalle Street, Suite 1300, Chicago, Illinois 60602, attorneys for Plaintiff, to be held in trust until further order of court.

DATED: __AUG 1 4 2008__       _____
                                U. S. District Court Judge

C:\Documents and Settings\Michael Stanley\My Documents\M Stanley\Marano\MS-GRAND\AMCvMSGRANDTRO.081408.wpd

EXHIBIT "B"

# CYBERDRIVEILLINOIS

JESSE WHITE
SECRETARY OF STATE

SERVICES   PROGRAMS   PRESS   PUBLICATIONS   DEPARTMENTS   CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| Entity Name | MELROSE FRESH MARKET, INC. | File Number | 65787121 |
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 09/14/2007 | State | ILLINOIS |
| Agent Name | PETER LIMPARIS | Agent Change Date | 09/14/2007 |
| Agent Street Address | 5624 W 79TH | President Name & Address | PETER LIMPARIS 5624 W 79TH BURBANK 60459 |
| Agent City | BURBANK | Secretary Name & Address | |
| Agent Zip | 60459 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 08/12/2008 | For Year | 2008 |

Return to the Search Screen     Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE